19-mj-7433-JCB

## AFFIDAVIT OF JARRED M. MATYKA

I, Jarred M. Matyka, being sworn, state:

## INTRODUCTION

1. I am a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and am currently assigned to the United States Drug Enforcement Administration (DEA) Manchester, New Hampshire District Office. Prior to my assignment with the DEA, I was assigned to the HSI Boston Gang Unit, as well as several investigative groups in HSI Newark, New Jersey, where I was responsible for conducting narcotics investigations.

2. As an HSI Special Agent, I am authorized to investigate federal crimes, including violations of the laws of the United States, including violations of federal narcotics laws in Title 21 of the United States Code. I have been a Special Agent with HSI for approximately thirteen years. In my investigative experience, I have conducted physical surveillance, executed search and arrest warrants, conducted interviews, and worked with cooperating individuals. As part of my training, I have graduated from the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program, as well as the HSI Special Agent Basic Training. In addition, during my time as a criminal investigator, I have completed several in-service training courses focused on narcotics and gang investigations.

3. During my employment with HSI, I have participated in numerous investigations relating to the distribution of controlled substances, including heroin, fentanyl, oxycodone, cocaine, and other substances in violation of federal laws. Based upon my training and experience, I am familiar with narcotics traffickers' methods of operation, including the distribution, storage,

and transportation of narcotics and the collection of money that constitutes the proceeds of narcotics trafficking activities.

## PURPOSE OF AFFIDAVIT

4. I am submitting this affidavit in support of an application for the issuance of a criminal complaint charging Joshua WHICHER with possession with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

5. As will be explained more fully below, on October 30, 2019, DEA investigators observed what they believed to be a hand to hand drug transaction between WHICHER and an unknown individual. Consequently, investigators stopped WHICHER and seized approximately 100 grams of suspected fentanyl from him.

6. I personally participated in this investigation on October 30, 2019. I am familiar with the facts and circumstances of this investigation based upon: (a) my personal knowledge and involvement in this investigation; (b) my review of records related to this investigation; (c) information provided to me orally and in writing by other law enforcement agents; and (d) my experience and training as a criminal investigator.

7. Because this affidavit is submitted for the limited purpose of establishing probable cause that WHICHER possessed fentanyl with the intent to distribute it, I have not included each and every fact known to me or other law enforcement officers involved in this investigation. Rather, I have included only those facts that I believe are sufficient to establish probable cause for the issuance of the requested criminal complaint.

## PROBABLE CAUSE

### Investigators seized 100 grams of suspected fentanyl from WHICHER

8. On October 30, 2019, DEA investigators were conducting surveillance in the area of West Street in Lawrence, Massachusetts. This area has seen an increase in drug trafficking activity in recent months. While conducting surveillance, Task Force Officer (TFO) William Castro observed a vehicle bearing a Maine license plate (the "Maine vehicle") traveling in the area of West Street. This vehicle is registered in the town of Springvale, Maine, over a one hour drive away from Lawrence. TFO Castro has observed the Maine vehicle in the area of West Street at least once per week for the past few weeks. The Maine vehicle parked in the area of West Street, circled the block, and returned to the same area. Based upon my training and experience, I believe this is a counter-surveillance technique used to identify law enforcement and avoid detection. Further, based upon my training and experience, I know that Maine-based drug users and distributors procure drugs in Lawrence in order to re-distribute them in Maine for a profit.

9. TFO Castro observed the driver to be a white female and the front passenger to be a white male, later identified as WHICHER. When the Maine vehicle returned to the area of West Street, an unidentified male approached the car. The unidentified male walked past the Maine vehicle and looked inside the vehicle. He then turned around and approached the passenger side of the car. WHICHER handed an object to the unidentified male, who in turn threw something into the Maine vehicle. Thereafter, the Maine vehicle immediately departed the area.

10. Based upon my training and experience, I believe that TFO Castro witnessed a drug transaction. As the Maine vehicle drove away from the area of West Street, investigators stopped the car prior to the Interstate 495 Northbound ramp as the vehicle was leaving Lawrence. After further investigation, DEA agents eventually ordered the occupants out of the vehicle. Investigators identified the passenger as WHICHER. Upon a search of WHICHER, investigators located a tan powdery substance compressed into seven and a half cylinders, all contained in a

clear plastic bag. Based upon my training and experience, I suspect the powder is fentanyl. The gross weight of the suspected fentanyl is 100 grams. DEA investigators secured the suspected fentanyl and later field-tested it, which returned a positive result for fentanyl. The suspected fentanyl will be transported to the DEA Northeast Regional Laboratory for further analysis. Based upon my training and experience, 100 grams of fentanyl is consistent with possession with intent to distribute rather than personal consumption.

## CONCLUSION

11.   Based upon the evidence set forth above, as well as my knowledge, training and experience, I submit that there is probable cause to believe that on October 30, 2019, Joshua WHICHER possessed with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi). Accordingly, I respectfully request that a criminal complaint charging Joshua WHICHER, with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) be issued.

_____
Jarred M. Matyka
Special Agent
Homeland Security Investigations

SIGNED and SWORN to before me this day, October 31, 2019.

_____
Honorable Jennifer C. Boal
United States Magistrate Judge
District of Massachusetts